IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 03cr121 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| GILBERT ROBINSON | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

May 20, 2005

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a handwritten letter addressed to the Court from the defendant, Gilbert Robinson ("Defendant" or "Robinson"), who is represented by G. Scott Gardner, Esquire, and which requests the withdrawal of his guilty plea and the appointment of new counsel. We will instruct the Clerk to file the Defendant's letter on the docket and we will consider it to be a *pro se* Motion to Withdraw Defendant's Guilty Plea and For Appointment of New Counsel.

On May 5, 2004, the defendant, Gilbert Robinson ("Defendant" or "Robinson"), pled guilty to Count One of the Superceding Indictment charging him with a violation of 21 U.S.C. § 846, knowing and intentional possession with the intent to distribute and distribution of controlled substances, to wit: in excess of 50 grams of cocaine base, also known as crack cocaine, and heroin.

In the letter received by the Court on May 17, 2005, Defendant states that he is writing to inform the Court of his wish to withdraw his "plea agreement" because at the time of his guilty plea, he thought that he was pleading guilty to 50 grams of cocaine powder, as opposed to the statute to which he pled guilty, 21 U.S.C. § 846, knowing and intentional possession with the intent to distribute and distribution of controlled substances, to wit: in excess of 50 grams of cocaine base, also known as crack cocaine, and heroin.  Defendant appears to contend that he did not make this realization until he received a letter from his attorney dated May 11, 2005 which stated the count of the Superceding Indictment to which he pled guilty. Defendant explains that it is his position at this time "to reserve my common law right not to be compelled to perform under any agreement that I have not entered into knowingly, voluntarily, intentionally.  Furthermore I would like new counsel appointed to me at this time so I can prepare for trial."

We note that Federal Rule of Criminal Procedure 11(d) addresses withdrawing a guilty plea.  Federal Rule 11(d) states, in pertinent part, as follows:

> (d)  A defendant may withdraw a plea of guilty:
>   (2)  after the court accepts the plea, but before it imposes sentence if:
>    (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed.R.Crim.P. 11(d)(2)(B).  The Third Circuit Court of Appeals has instructed that

once accepted, a guilty plea may not automatically be withdrawn at the defendant's whim. United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001); United States v. Martinez, 785 F.2d 111 (3d Cir. 1986). Instead, a defendant must have a fair and just reason for withdrawing a plea of guilty, as we previously explained, and the defendant has the burden of demonstrating such a reason. See United States v. Isaac, 141 F.3d 477, 485 (3d Cir. 1998).

Additionally, the Third Circuit has explained that three factors are employed to evaluate a motion to withdraw: (1) whether the defendant asserts his/her innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reason to withdraw the plea. Brown, 250 F.3d at 815; see also United States v. Huff, 873 F.2d 709, 711 (3d Cir. 1989). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." Brown, 250 F.3d at 815 (quoting United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992), superseded by statute on other grounds as stated in, United States v. Robinson, 194 F.3d 408, 417 (3d Cir. 1999)).

During the proceeding in which the Defendant pled guilty to Count One of the Superseding Indictment on May 5, 2004, Mr. Marino, on behalf of the United

States provided a detailed summary of the Defendant's role in the instant offense. The Court then asked the Defendant if he agreed with the summary provided and he responded, "Yes, sir." The Court then asked the Defendant to tell the Court in his own words what he did in this case and we then attempted to clarify several of Defendant's statements by asking, "Are you telling me that you participated with Jones in giving Eckard certain quantities of drugs to sell?" The Defendant responded, "Yes, sir." The following dialogue then ensued.

> The Court: And were those drugs crack cocaine?
>
> The Defendant: Yes.
>
> The Court: And were those drugs cocaine powder?
>
> The Defendant: Yes.
>
> The Court: And were those drugs heroin?
>
> The Defendant: Yes, sir. Basically he had the heroin. I didn't like heroin at the time, so he was – he was the one that was giving him the heroin. I just messed with – I was messing with the powder and the crack, he was the one that was giving him the heroine. I didn't mess with them.
>
> The Court: Well, with respect to the heroin, did you transport heroin with Mr. Jones?
>
> The Defendant: Yeah, I was with him at the time, yes, sir. I was with him at the time, but I don't want no – I didn't want no parts of that, and that was his thing, that wasn't my thing.

| | |
|---|---|
| The Court: | When you say you were with him as it relates to the heroin, what do you mean? |
| The Defendant: | I was with him, I was driving with him when he gave it to him. I didn't have no parts to that. I gave him what I gave him. He gave him what he gave him. |
| The Court: | Right. Now, you've been permitted to stipulate that involved here we had at least **35.7 grams of crack cocaine, 123 grams of cocaine powder, and 3.9 grams of heroin**. Did your sale – and when I talk about heroin, I'm talking about that quantity that was sold by Mr. Jones when you were in his company and when you drove him. Were the quantities at least that much? |
| The Defendant: | **Yes, sir.**  (Emphasis added). |

Thus, under direct and pointed questioning by the Court during the guilty plea colloquy, the Defendant unequivocally agreed to the type and quantity of drugs in this case. Defendant's statement that it was his understanding that he was pleading guilty to 50 grams of cocaine powder, which he allegedly stated at his guilty plea colloquy, is meritless because it flies in the face of what Defendant himself told the Court. In considering the above-referenced three factors necessary to evaluate a motion to withdraw a guilty plea, we conclude that the Defendant is not asserting his innocence, but rather asserting that he pled guilty to a different amount and type of drug; that the United States would be prejudiced by the withdrawal of Defendant's guilty plea; and that Defendant's reason to withdraw

the plea is clearly insufficient.  Therefore, Defendant has failed to present a fair and just reason for withdrawing his plea pursuant to Fed.R.Crim.P. 11(d)(2)(B).[1]

This untimely attempt to back out of his plea by Defendant, which was received approximately one week before his sentencing date, was in our opinion triggered by our May 11, 2005 Order overruling Defendant's objections to the Pre-Sentence Report relating to career offender status and denying his Motion for a Downward Departure pursuant to United States Sentencing Guideline § 5H1.4, which therefore left Defendant in an unfavorable position.  (See Rec. Doc. 196). As we previously explained, the fear of punishment is not an adequate reason to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty.  See Brown, 250 F.3d at 815. Moreover, there has been no cognizable reason asserted at this late date as to why Defendant is entitled to either withdraw his guilty plea or to be appointed new counsel.  Simply stated, the facts and circumstances of this case indicate that having received an unfavorable ruling from the Court on a sentencing issue, which ruling exposes Defendant to a considerable period of incarceration, Defendant has changed his mind about the wisdom of his plea.  Regrettably for Defendant and as

---

[1] Defendant's sole reason for the appointment of new counsel is so he can take necessary action to prepare for trial.  Inasmuch as no trial will occur in this case, we find that there is no need for the appointment of new counsel, and Defendant's Motion is denied in that regard.

noted, he cannot wash away the clear representations made by him on the record at the time of his plea.

Defendant's Motion to Withdraw his Guilty Plea and For Appointment of New Counsel is therefore denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Clerk shall file Defendant's letter received by the Court on May 17, 2005 on the docket as a *pro se* Motion to Withdraw Defendant's Guilty Plea and For Appointment of New Counsel.

2. Defendant's Motion to Withdraw his Guilty Plea and For Appointment of New Counsel is DENIED.

s/ John E. Jones III  
John E. Jones III  
U.S. District Judge